**O'BRIEN, BELLAND & BUSHINSKY, LLC**
509 S. Lenola Road
Building 6
Moorestown, New Jersey 08057
(856) 795-2181
*By:*   Steven J. Bushinsky, Esquire
        W. Daniel Feehan, Esquire

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE IBEW LOCAL 351 PENSION FUND; TRUSTEES OF THE IBEW LOCAL 351 SURETY FUND; TRUSTEES OF THE IBEW LOCAL 351 WELFARE FUND; TRUSTEES OF THE IBEW LOCAL 351 JOINT APPRENTICESHIP AND TRAINING COMMITTEE; TRUSTEES OF THE SOUTH JERSEY ELECTRICAL WORKERS TEMPORARY DISABILITY FUND; IBEW LOCAL 351 PENSION FUND; IBEW LOCAL 351 SURETY FUND; IBEW LOCAL 351 WELFARE FUND; IBEW LOCAL 351 JOINT APPRENTICESHIP AND TRAINING COMMITTEE; SOUTH JERSEY ELECTRICAL WORKERS TEMPORARY DISABILITY FUND for and on behalf of themselves and said FUNDS; and IBEW LOCAL UNION NO. 351, | Case No. |
| *Plaintiffs,* | |
| v. | **COMPLAINT** |
| WYSOCKI ELECTRIC, INC., | |
| *Defendant.* | |

Plaintiffs, by and through undersigned counsel, state as follows:

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2.      This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. §185 because the Trust Funds are administered in the State of New Jersey, and the breach took place in New Jersey.

3.      This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because Defendant maintains or maintained a principal place of business in the State of New Jersey

4.      A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

1.      Plaintiff Trustees of the IBEW Local 351 Pension, Surety, Welfare, Joint Apprenticeship and Training Committee, and South Jersey Electrical Workers Temporary Disability Funds ("Funds") are fiduciaries of the Funds within the

2

meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §1002(21) and §1132. The Plaintiff Funds are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and are employee benefit plans established and maintained pursuant to Sections 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing health benefits and other benefits to eligible participants. The Funds are also multiemployer plans within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. 1002(37) and 1145 respectively.

2.      The Funds are authorized to file a lawsuit in their own names pursuant to Section 301 of the LMRA, 29 U.S.C. §185.

3.      The Funds maintain their principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey 08628.

4.      Plaintiffs bring this action on behalf of the Funds' participants and beneficiaries pursuant to Section 301 of the LMRA, 29 U.S.C. §185.

5.      Daniel Cosner is the Business Manager of Plaintiff IBEW Local Union No. 351 ("Union") and brings this action for contribution penalties in his representative capacity.

6.      The Plaintiff Union is an unincorporated labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4), and represents employees in an industry affecting commerce.

7.      The Union maintains it principal place of business at 1113 Black Horse

Pike, Hammonton, New Jersey 08037.

8.     Wysocki Electric, Inc. ("Wysocki"), is referred to as "Defendant" or "employer" or "party in interest", and was or is an employer in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

9.     Upon information and belief, Defendant Wysocki is a corporation that maintains or maintained its principal place of business at 129 N. River Drive, Pennsville, New Jersey 08070.

10.     At all material times hereto, Defendant Wysocki has been engaged in the business of providing electrical construction and installation for commercial, industrial, municipal, and corporate facilities.

11.     Defendant conducts, or has conducted, business in the State of New Jersey during all times relevant to this Complaint.

## FACTS

12.     At all times relevant hereto, Defendant Wysocki was party to or agreed to abide by the terms and conditions of a CBA with one or more local labor unions or district councils affiliated with the Union.

13.     At all times relevant hereto, Defendant Wysocki also signed or agreed to abide by the terms of the Agreements and Declarations of Trust ("Trust Agreements") which govern the Funds. The Trust Agreements set forth the rules and regulations with respect to participation in and administration of the Funds.

14.     Under the CBA, Trust Agreements, and in accordance with federal law and administrative regulations, Defendant Wysocki agreed:

a.     To timely remit fringe benefit contributions to the Funds as required by the CBA(s) on behalf of their eligible employees who were employed on projects within the State of New Jersey;

b.     To submit monthly remittance reports to the Funds detailing all employees who worked in a given period of time and the amount of contributions to be remitted on behalf of said employee;

c.     To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of Defendant Wysocki's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreements;

d.     To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of Defendant Wysocki's failure to comply with its contractual and statutory obligations; and

e.     To pay wages, dues and PAC contributions and other amounts withheld from employee pay in accordance with the terms of the CBA(s).

15.     Beginning in or about October 2019, the Funds' auditor, Moore Stephens, P.C., attempted to perform a payroll compliance audit for Defendant

Wysocki, but Defendant Wysocki failed to comply with the audit requests, refused to provide the Plaintiffs with any relevant business records, and have otherwise concealed and obstructed discovery.

16.    Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Defendant's delinquency, since the financial documents, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Defendant.  Defendant Wysocki has failed in their self-reporting contractual duties.

## COUNT ONE

17.    The Funds incorporate the allegations in Paragraphs 1 through 16 of this Complaint as if set forth herein in their entirety.

18.    Defendant Wysocki is required by the controlling CBA(s), Trust Agreements, plan documents of the ERISA Funds and applicable federal law to permit the Funds to audit their records, to cooperate in determining the contributions due to the Funds, and to pay the cost of the audit if found to be delinquent.

19.    The amount of fringe benefit contributions that Defendant Wysocki is required to pay to the Funds is based upon the number of hours worked by and paid to employees who perform work that is governed by the terms of the applicable CBA.

20.     The Funds attempted to perform a payroll compliance review

("Audit") of Defendant Wysocki, but Defendant Wysocki refused to provide all the

documents necessary for the auditor to accurately show the amount, if any,

Defendant Wysocki owes to the Funds.

21.     ERISA requires that "every employer shall, in accordance with

such regulations as the Secretary may prescribe, maintain records with respect to

each of his employees sufficient to determine the benefits due or which may

become due to such employees" 29 U.S.C §1059.

22.     The Plaintiffs are without sufficient information or knowledge to

plead the precise nature, extent and amount of Defendant Wysocki's delinquency

since the books, records and information necessary to determine this liability are in

the possession, control or knowledge of the Defendant Wysocki.

23.     The Funds and their fiduciaries or officers are adversely affected or

damaged by the lack of an audit as, among other things, they have a fiduciary duty to

audit, confirm amounts due, and collect amounts owed, from contributing employers,

such as Defendant Wysocki.

24.     The Funds and their fiduciaries or officers have no adequate remedy

at law for lack of an audit as the calculation of any damages suffered as a result of

this breach can only be ascertained from an audit of Defendant Wysocki.

25.     Pennsville National Bank issued an Irrevocable Letter of Credit ("Letter of Credit") in the amount of $20,000.00 for the benefit of Plaintiff Union in the event Defendant Wysocki failed to pay employee benefit contributions and/or late fees incurred as required pursuant to the CBA.

26.     Plaintiff Union is unable to draw form this Letter of Credit, because the Plaintiffs do not know the precise amount of the contributions owed, if any, to the Funds.

27.     On information and belief, the Plaintiffs have been damaged by the failure of Defendant Wysocki to make contributions as required by its CBAs and Trust Agreements.

**WHEREFORE**, the Funds respectfully request the following relief:

a.  Order Defendant Wysocki, their officers, agents, servants, employees, attorneys and all others, to permit an audit of all records under the actual or constructive control of Defendant Wysocki, and in the absence of such records, to cooperate in alternative methods for the determination of work for which contributions are due; and

b.  Grant any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT TWO

28. The Funds incorporate the allegations in Paragraphs 1 through 27 of this Complaint as if set forth herein in their entirety.

29. On information and belief, the Defendant Wysocki has failed to make fringe benefit contributions to the Plaintiffs as required by the CBA and Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

30. The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendant Wysocki's delinquency since the books, records and information necessary to determine this liability are in the possession, control or knowledge of the Defendant Wysocki.

31. On information and belief, the Plaintiffs have been damaged by the failure of Defendant Wysocki to make contributions as required by its CBAs and Trust Agreements.

**WHEREFORE**, the Funds respectfully request the following relief:

b. After an audit has been performed, enter judgment against Defendant Wysocki in favor of the Funds for the contributions found to be due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages of up to twenty percent (20%) of the unpaid contributions, the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with

any proceedings to enforce or collect any judgment; and

      c.     Grant any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT THREE

32.     The Funds incorporate the allegations of paragraphs 1 through 31 of the Complaint as if set forth herein in their entirety.

33.     On information and belief, Defendant Wysocki has failed to remit dues check-offs to Plaintiff Union as required by the CBA in a period not barred by any applicable statute of limitations or similar bar.

34.     The Funds attempted to perform a payroll compliance review ("Audit") of Defendant Wysocki, but Defendant Wysocki refused to provide all the documents necessary for the auditor to accurately show the amount, if any, Defendant Wysocki owes to the Funds.

35.     ERISA requires that "every employer shall, in accordance with such regulations as the Secretary may prescribe, maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees" 29 U.S.C §1059.

36.     The Plaintiff Union is without sufficient information or knowledge to plead the precise nature, extent and amount of the dues owed by Defendant

Wysocki since the books, records and information necessary to determine this liability are in the possession, control or knowledge of Defendant Wysocki.

37.      Plaintiff Union is adversely affected or damaged as a proximate result of Defendant Wysocki's breach of the CBA and the documents incorporated therein, with respect to any amounts that are found to be due and owing to Plaintiff Union.

**WHEREFORE**, the Funds respectfully request the following relief:

a.      After an audit has been performed, enter judgment against Defendant Wysocki in favor of Plaintiff Union for the dues found to be due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages of up to twenty percent (20%) of the unpaid contributions, the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment pursuant to §515 of ERISA, 29 U.S.C. §1132(g)(2); and

b.      Grant any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT FOUR

38.      The Funds incorporate the allegations of paragraphs 1 through 37 of the Complaint as if set forth herein in their entirety.

11

39.     A money judgment or other remedy available at law is inadequate because Defendant Wysocki has shown their disregard of their contractual and legal obligations by their refusal to permit an audit, a consistent pattern of delinquencies and other acts.

40.     Unless ordered otherwise by this Court, Defendant Wysocki will continue their conduct in violation of the CBA and, as a result, fail to remit contributions owed, and Plaintiff Funds and their participants will be irreparably damaged.

41.     All other conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, the Plaintiff Funds ask that the Court:

a.      Permanently restrain and enjoin Defendant Wysocki, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them from continuing to violate the terms of the current CBA between Defendant Wysocki and Plaintiff Union and from violating such other CBAs as may from time to time be entered by the said parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Plaintiff Funds and Union for so long as Defendant Wysocki is contractually required to do so; and

b.      Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

12

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

*Attorneys for Plaintiffs*

By: _____

Steven J. Bushinsky, Esquire
W. Daniel Feehan, Esquire
509 S. Lenola Road
Building 6
Moorestown, NJ 08057
856-795-2181/Fax 856-581-4214
dfeehan@obbblaw.com

Dated: March 5, 2020

13